### UNITED STATES of America
### v.
### William SAMS et al.
### Crim. No. 62–292.

United States District Court
W. D. Pennsylvania.
May 7, 1965.

Louis C. Glasso, Pittsburgh, Pa., for Frank Phillips, William Sams and Thomas Ciancutti.

Vincent M. Casey, Pittsburgh, Pa., for Victor Carlucci.

Irving M. Green, New Kensington, Pa., for Thomas Ciancutti.

M. Barney Cohen, Pittsburgh, Pa., for Andrew Mangini, William Sams, Joseph Castro, Joseph Chiappetta, Mike Sam Hardaway, Sam Mike, Frank Mullen, Michael Giorano, a/k/a Nick Jerome, Alfred Ronallo, Anthony Salati, Edward Sam, Edward Sams, Leo Sussman, Joseph Arabia.

DUMBAULD, District Judge.

On March 1, 1963, verdicts of guilty were rendered by a jury against certain defendants on certain counts of the indictment in the above-styled cause. See United States v. Sams, 219 F.Supp. 164, 167–168 (W.D.Pa.1963). On August 2, 1963, the defendants were sentenced. The transcript indicates as follows:

[As to defendant Sams:]

"Therefore, it is the sentence and judgment of the Court that the defendant Willie Sams pay a proportionate share of the costs of prosecution and, under the first count of conspiracy, pay a fine of Ten Thousand dollars and be committed to the custody of the Attorney General for confinement in a penal type institution for a period of two years, provided that upon payment of all the

fines and costs imposed upon this defendant, execution of the sentence as to imprisonment shall be suspended. And that, upon count two, the defendant shall pay a fine of Ten Thousand dollars. Upon Count five, the defendant shall pay a fine of Ten Thousand Dollars. On Count seven, the defendant shall pay a fine of Ten Thousand Dollars. And, upon Count six, the defendant shall pay a fine of Five Thousand Dollars. And, upon count eight, the defendant shall pay a five of Five Thousand Dollars, and to stand committed for compliance with the sentence.

"MR. REICH: Your Honor, do I understand that those fines are consecutive or concurrent?

"THE COURT: Well, they are cumulative and payable forthwith. The total would be fifty thousand dollars."

[As to defendant Ciancutti:]

"It is therefore the sentence and judgment of the Court that the defendant Thomas Ciancutti pay a proportionate share of the costs of prosecution. And, under count one, pay a fine of ten thousand dollars and be committed to the custody of the Attorney General for confinement in a penal type institution for a period of two years, provided that upon payment of all the fines and costs imposed upon this defendant, execution of the sentence as to imprisonment shall be suspended. And that, upon count fifteen, the defendant shall pay a fine of ten thousand dollars, upon count seventeen sentence is suspended, upon count sixteen, a fine of two thousand and five hundred dollars shall be imposed, and upon count eighteen a fine of two thousand and five hundred dollars, and to stand committed for compliance with the sentence."

\* \* \*

[As to defendant Phillips:]

"It is the sentence and judgment of the Court that the defendant Frank Phillips pay a proportionate share of the costs of prosecution, and on count one pay a fine of ten thousand dollars and be committed to the custody of the Attorney General for confinement in a penal type institution for a period of two years, provided that upon payment of all the fines and costs imposed on this defendant execution of the sentence as to imprisonment shall be suspended. And, upon count two, that the defendant pay a fine of ten thousand dollars, and upon count three a fine of five thousand dollars, and upon count four a fine of five thousand dollars, it being the intention of the Court that the total fine be thirty thousand dollars and be paid forthwith."

\* \* \*

[As to defendant Giorano:]

"It is the sentence and judgment of the Court that the defendant pay a proportionate share of the costs of prosecution and a fine of five thousand dollars, payable forthwith."

Subsequently sentences to the same effect were signed upon the printed forms provided by the Administrative Office. These appear at pages 495a–500a in the appendix for appellants at Nos. 14576–14579 in the Court of Appeals for the Third Circuit.

Having filed corporate surety bonds for payment of the fines, the defendants remained at large during appellate proceedings.

On March 10, 1964, the Court of Appeals affirmed all the convictions except that of defendant Sams on Count 2 of the indictment under 26 U.S.C. § 7201. United States v. Sams, 340 F.2d 1014, 1019 (C.A.3, 1964).

However, with respect to the terms of imprisonment imposed on defendants Sams, Ciancutti, and Phillips under Count 1 of the indictment, and the suspension thereof, the Court said that "This suspension of the term of imprisonment was void for two reasons: it was conditional, and, in effect, indefinite."

The Court pointed out that 18 U.S.C. § 3651 read in the conjunctive, and that suspension of either imposition or execution of sentence must be accompanied by probation for such period and upon such terms and conditions as the Court deems best, not exceeding five years. The Court went on to say that "A judgment which purportedly suspends the execution of a term of imprisonment indefinitely lacks finality and is therefore a nullity." The Court of Appeals therefore concluded that "Those portions of the judgments relating to the suspension of sentence must be vacated and corrected". The case was remanded to the Court below with directions to correct the sentences. See 340 F.2d at 1019–1020.

On April 26, 1965, the Supreme Court of the United States denied certiorari at No. 947 October Term 1964. 85 S.Ct. 1336. On May 3, 1965, the four separate mandates from the Court of Appeals dated April 30, 1965, were filed in this Court. Each of these mandates provides that "the cause is remanded to the District Court with directions to correct the judgment of sentence of August 2, 1963 in accordance with the opinion of this Court."

On May 5, 1965, an informal argument was held concerning the effect of these mandates and the appropriate manner of giving effect thereto.

The Government contends that the former sentences were altogether null and void, and that on remand for resentencing the whole matter is to be considered *de novo* by the Court; and that the Government is thus free to urge upon and recommend to the Court the imposition of more severe sentences of imprisonment for a longer time than imposed on the occasion of the original sentence. The defendants contend that the judgments of conviction having been affirmed, the fines, concerning the imposition of which no irregularity was noted by the Court of Appeals, remain in force, and that only the sentences of imprisonment and suspension thereof require correction.

To a large extent, this issue is moot and academic; inasmuch as the Court in its discretion, having given careful consideration to the respective enormity of the offenses of the several defendants, and their individual situations, and other pertinent circumstances, at the time of imposing the original sentences, has the intention of maintaining the original pattern of sentences, simply complying with the procedural requirements of the statute as specified in the opinion and mandate of the Court of Appeals.

Close examination of the language of the opinion of the Court of Appeals indicates that the contention of the defendants with respect to this point is correct. The Court said "This *suspension* of the term of imprisonment was void." 340 F.2d at 1019. (Italics supplied). The Court concluded that "*Those portions* of the judgments *relating to the suspension of sentence* must be vacated and corrected." 340 F.2d at 1020. (Italics supplied).

Some color is given to the contention of the Government that the entire sentences are void *in toto* by the fact that the above-quoted language containing directions to correct the sentence is included in the mandate in the case of Michael Giorano. As stated above, defendant Giorano was convicted only under the forty-second count for violation of 26 U.S.C. § 7262. This provision of the statute does not authorize imprisonment, and no sentence of imprisonment was imposed upon this defendant. Only a $5,000 fine was imposed upon Giorano. If, therefore, the decision of the Court of Appeals required the correction of this sentence as well as of the sentences imposing imprisonment and suspending the same improperly, it could be argued that all of the sentences are void *in toto*.

However, inasmuch as no erroneous procedure was found to be involved in the sentence of Giorano, and accordingly the sentence against Giorano does not seem to be susceptible of correction, we believe that this language in the mandate in Giorano's appeal was inadvertently

**430**

and improvidently included in the mandate, by a scribal error similar to those occasionally occurring in the New Testament when an account of events in one gospel is assimilated to the language originally occurring in another gospel. Streeter, The Four Gospels (4th ed. 1930), 181, 275–277, 326–330, 570.

Counsel are therefore directed to apply to the Court of Appeals for modification of the mandate in the Giorano appeal. If this modification is granted, this Court, upon receipt of the modified mandate, will then fix a date when the defendants Sams, Ciancutti, Phillips, and Giorano will be directed to appear and to pay their fines heretofore imposed, and the defendants Sams, Ciancutti, and Phillips directed to appear for correction of their sentences under Count 1 with respect to imprisonment and suspension thereof in conformity with the opinion and mandate of the Court of Appeals and the applicable statutory requirements elucidated therein.