**UNITED STATES of America**

**v.**

**William SAMS et al.**

**Resolute Insurance Company, Appellant.**

**No. 17073.**

United States Court of Appeals Third Circuit.

Argued Nov. 7, 1968.

Decided Jan. 9, 1969.

Allen N. Brunwasser, Pittsburgh, Pa., for appellant.

Nick S. Fisfis, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, FORMAN and STAHL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Frank Phillips is one of several defendants found guilty by a jury in the District Court for the Western District of Pennsylvania on an indictment charging conspiracy to defraud the United States of gambling tax revenue, and for substantive violation of federal gambling tax statutes.

He was sentenced in August 1963 to a two-year prison term and fined $30,000, and costs. The sentence provided that "[e]xecution of sentence as to imprisonment shall be suspended upon payment

of all the fines and costs imposed on this defendant."

Phillips was released from custody when he, and the appellant Resolute Insurance Company ("Resolute"), posted a bond for the payment of the $30,000 fine and costs.

We subsequently affirmed Phillips' conviction, along with that of several of his co-defendants, but vacated his sentence as not authorized by statute, and remanded the cause to the District Court for proper sentencing. United States v. Sams, 3 Cir., 340 F.2d 1014 (1965), cert. den. 380 U.S. 974, 85 S.Ct. 1336, 14 L.Ed.2d 270.

This District Court thereafter, on June 7, 1965, sentenced Phillips to a two-year prison term and imposed fines of $30,000, with costs: Execution of the prison sentence was suspended and Phillips placed on probation for a two-year period, it being an express term and condition of probation that the fines and costs be paid within 15 days of sentence. When Phillips did not pay, the District Court held a probation violation hearing on October 29, 1965, which has still not been decided.

The District Court forfeited Resolute's bond and on November 23, 1965, entered judgment in favor of the United States against Resolute and Phillips for $30,000. We affirmed at 3 Cir., 375 F. 2d 1014 (1967), "* * * with permission granted to appellant to file a motion in the District Court, addressed to the discretion of that Court, for a full hearing as to the present situation regarding the bond in this case. Said motion to be filed within fifteen days after the remand of this appeal to the District Court, 241 F.Supp. 427."

Within the period above fixed, Resolute filed a petition in the District Court to set aside the forfeiture. The District Court, in a Judgment entered September 26, 1967, denied Resolute's petition, and entered judgment in favor of the United States and against Resolute and Phillips jointly and severally, in the amount of $30,300 with interest and costs. In its Opinion, accompanying its Judgment, the District Court stated:

"* * * [O]nce the money has been paid into Court by Resolute, * * * we are willing to direct that it be held by the Clerk subject to further order of the Court and not immediately covered into the Treasury irretrievably. * * *

"So long, therefore, as the Government is protected by Resolute's payment of the money into Court, it may be advisable to hold the fund impounded until the Supreme Court has disposed of the cases now pending involving the constitutionality of the anti-wagering statute. In the event that the statute for violation of which defendant has been convicted should be held unconstitutional in its entirety, it would perhaps be appropriate to return the money to Resolute. It should, therefore, be kept intact and separate in the custody of the Clerk of this Court until further order of this Court." (footnote omitted.)

On this appeal from the September 26, 1967 Judgment, Resolute contends, *inter alia*, that the District Court erred in denying its petition to set aside the forfeiture for reasons assigned on its second appeal, which we held to be without substance in affirming at 375 F.2d 1014.

We deem it unnecessary to reach these, and other questions, presented on this appeal, since the District Court stated in its Opinion that "it would perhaps be appropriate to return the money to Resolute" should the Supreme Court of the United States declare unconstitutional the anti-wagering statutes under which Phillips was convicted, and that Court has now held the statutes to be unconstitutional in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 716, 19 L. Ed.2d 906 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906 (1968).

Accordingly, the Judgment of the District Court will be vacated and the cause remanded to that Court with directions to enter a Judgment ordering Resolute

and Phillips to deposit the sum of $30,300.00 with the Clerk of the District Court for the Western District of Pennsylvania, to be kept intact and separate, in the custody of the Clerk until further order of the District Court.

It should be added that the foregoing disposition is made without prejudice to the right of Resolute and/or Phillips to make such application for relief to the District Court as may be deemed appropriate in the light of *Grosso* and *Marchetti*.